**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALIAKSANDR KRASANTOVICH; LIUBOV VYACHESLAVOVNA AKULINTSEVA, a.k.a. Leobov Vioachislavovna, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 12-70026 <br><br> Agency Nos.  A088-534-519 <br> A088-534-520 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2014[**]

Before:  PREGERSON, LEAVY, and MURGUIA, Circuit Judges.

Aliaksandr Krasantovich, a native and citizen of Belarus, and Liubov

Vyacheslavovna Akulintseva, a native and citizen of Russia, petition for review of

the Board of Immigration Appeals' order dismissing their appeal from an

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

immigration judge's decision denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We grant the petition for review and remand.

The agency found Krasantovich not credible based on a perceived lack of candor in his testimony and discrepancies between his testimony and his visa application. These findings are not supported by substantial evidence. *See Ren v. Holder*, 648 F.3d 1079, 1087 (9th Cir. 2011) (inconsistencies had no basis in the record). The agency also found Krasantovich failed to corroborate his testimony. However, at the time it made this finding, it did not have the benefit of our decision in *Ren*, 648 F.3d at 1089-94. Accordingly, we grant the petition for review, and remand Krasantovich's claims, on an open record, for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam); *Soto-Olarte v. Holder*, 555 F.3d 1089, 1093-96 (9th Cir. 2009).

**PETITION FOR REVIEW GRANTED; REMANDED.**